2026 IL App (1st) 260521-U

SECOND DIVISION
August 14, 2026

No. 1-26-0521B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23CR3800 |
| | ) | |
| JARIUS HONGO, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's order for initial detention affirmed over defendant's contentions that the State failed to meet its burden, and that the trial court used the wrong standard in reviewing his subsequent motion for relief.

¶ 2   This is the second appeal in which defendant, Jarius Hongo, challenges the trial court's October 17, 2023, order denying pretrial release. In defendant's earlier appeal, this court found that we lacked jurisdiction to consider defendant's appeal as to that order because he had not filed a timely notice of appeal under the rules in effect at that time. Subsequent to this court's prior opinion, the rules regarding timing for filing a notice of appeal from a pretrial detention order

changed, and a defendant may now pursue an appeal "at any time before conviction," after presenting a motion for relief in the trial court. Defendant presented such motion, which was denied, and defendant now appeals the trial court's October 17, 2023, order anew. For the following reasons, we affirm the trial court's judgment.

¶ 3    This court previously set out the facts surrounding defendant's initial detention hearing in the opinion entered in *People v. Hongo*, 2024 IL App (1st) 232482 (*Hongo I*). As those facts are at issue again in this appeal, we will repeat them here.

¶ 4    The record shows that defendant is charged with the offense of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), two counts of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), and two counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2022)). The charges stem from a March 2, 2023, incident in which defendant, who has prior convictions for attempted murder and aggravated unlawful use of a weapon, was found in possession of a loaded 9-millimeter pistol with a 33-round capacity extended magazine.

¶ 5    On October 16, 2023, defendant filed a petition for release, in which he argued that he was being held on bail that had been previously set, which he had been unable to afford. Defendant asserted that he was neither a flight risk nor presented any danger to the community.

¶ 6    On October 17, 2023, the State filed a petition for a pretrial detention hearing. The State asserted that defendant had committed the eligible offense of armed habitual criminal, and that he posed a real and present threat to the safety of the community based on the specific facts of the case. In particular, the State asserted that the facts showed that defendant, while being placed into custody on two murder investigations, was found to be in possession of a 9-millimeter pistol with a 33-round capacity magazine. The State further asserted that defendant was on parole at the time

and that he had prior convictions for attempted murder and aggravated unlawful use of a weapon. Additionally, the State noted that, after being taken into custody, defendant was taken to the hospital for a mental health evaluation, during which he punched a hospital security guard in the head and tried to bite him.

¶ 7    On October 17, 2023, the court held a hearing on the parties' respective petitions. The State's factual proffer provided that on March 2, 2023, around 4:20 p.m., officers approached defendant at a gas station in Dolton, Illinois, to place him into custody "in relation to two homicide investigations." A custodial search of defendant was conducted, and a loaded 9-millimeter pistol with a 33 round capacity extended magazine was recovered from defendant's front waistband. At the time of his arrest, defendant was on parole, and had prior convictions for attempted first degree murder and aggravated unlawful use of a weapon. Subsequent to his arrest, and while

> "in police custody[,] the defendant was transported to a hospital for a mental health evaluation. The defendant became combative and needed to be restrained and sedated. Before that happened, before he was sedated, the defendant punched a uniform[ed] hospital security guard in the head, tried to bite that guard's arm and spit in his direction."

¶ 8    Based on the above facts, the State argued that no condition or combination of conditions could mitigate the risks that the defendant poses to any person or persons in the community. The State clarified that defendant was also charged in relation to the aggravated battery of a peace officer but that charge was a "non-detainable offense" and the State was electing to bring the petition based on defendant's armed habitual criminal charge, which was detainable.

¶ 9    Defense counsel argued against pretrial detention, asserting that defendant had not committed any offenses before the officers approached him at the gas station. Counsel argued that

he did not brandish or threaten anyone with the weapon and that he did not flee or resist the officers. Counsel also asserted that, since the time that defendant was taken into custody, his son was born, which gave defendant "purpose and *** reason to lead a life different than the criminal life that he was born into." Counsel argued that being released on home confinement was sufficient to ensure the safety of the community and defendant's presence at future court dates. Counsel further argued that, if released, defendant was already subject to monitoring by the Department of Corrections due to his parole status, which counsel argued would further ensure the safety of the community. Counsel also asserted that it was "important[ ] *** to note" that defendant had bail set previously in an amount that was "too high for a person of the defendant's means" but was "not unreasonably high."

¶ 10    In ruling, the court rejected the defense's argument that he was not committing a crime at the time he was approached by officers, explaining that the position was "clearly at odds with what the State put on the record," that defendant was armed with a "pistol with an extended magazine with 33 live rounds in that extended clip. That would certainly be a violation of the terms of the parole and the law, the defendant being a convicted felon."

¶ 11    The court found that the offense of being an armed habitual criminal was a detainable offense and that the State's proffer "certainly indicates to this court a clear danger to the public at large." In particular, the court found that defendant's "willingness to be in a public place, a gas station, as a convicted felon" with a "pistol with that extended magazine, or a high-capacity magazine, certainly his criminal background, attempt[ed] first degree murder conviction and prior weapons offenses indicate a clear and present danger to the community." The court further found that defendant's conduct after being placed into custody, in attacking a hospital security guard,

also indicated "a clear danger to the community and that no means other than detention would mitigate that danger to society."

¶ 12    That same day, October 17, 2023, the court entered a written order for defendant's pretrial detention.

¶ 13    Thereafter, on December 6, 2023, defendant, represented by new counsel, again filed a petition for pretrial release. In his petition, defendant noted only that he had been arrested before Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act, came into effect and, on March 5, 2023, he had bail set for his custody at $150,000, which he had not been able to pay, and consequently he remained in custody.

¶ 14    The court held a hearing on the defendant's petition that same day. Defense counsel argued that defendant had a young child and that, before he was detained, he was employed and he could return to that job if released. Counsel stated that it was defendant's belief that one of the predicate offenses for his armed habitual conviction "was unconstitutional" and that counsel was "trying to verify that right now." Counsel argued that defendant was not a danger to the community and that electronic monitoring would mitigate any threat he poses.

¶ 15    In response, the State asked the court to incorporate its arguments from the October hearing. The State extensively set out the same factual proffer regarding the recovery of a 9-millimeter pistol with that extended magazine from defendant's person and the subsequent battery to the hospital security guard. Again, the State noted that defendant's criminal background included convictions for attempted murder and aggravated unlawful use of a weapon and that he was on parole at the time of the offense. The State further asserted that it did not "see any constitutional issues" with the predicate offenses, including "no *Aguilar* issues." See *People v. Aguilar*, 2013 IL 112116. Accordingly, the State requested that defendant continue to be detained.

5

¶ 16    In ruling, the court noted that it had considered the proffers of both parties and that, "[b]ased on the defendant's criminal background, and the facts of this case, the Court does find that the defendant's continued detention is necessary *** to provide for the safety of the community."

¶ 17    On December 19, 2023, defendant filed a notice of appeal, which this court considered in *Hongo I*, 2024 IL App (1st) 232482. In that appeal, defendant purported to raise issues relating to the trial court's October 17, 2023, initial detention order. This court, however, concluded that we lacked jurisdiction to review that order because defendant had not filed a timely notice of appeal under Illinois Supreme Court Rule 604(h)(2), which required that a notice of appeal be filed with 14 days of the challenged order. *Id.* ¶ 28; see Ill. Sup. Ct. R. 604(h)(2) (eff. Dec. 7, 2023 - Apr. 14, 2024) ("Review shall be by Notice of Appeal filed in the circuit court within 14 days of the entry or denial of the order from which review is being sought."). This court did, however, have jurisdiction to review the December 6, 2023, order for continued detention, for which defendant filed a timely notice of appeal. *Hongo I*, 2024 IL App (1st) 232482, ¶ 31.

¶ 18    This court then turned to the trial court's continued detention finding, and found "no error in the trial court's determination that continued detention was necessary." *Id.* ¶ 34. We explained that the record showed that defendant had

> "a significant criminal history, which includes attempted murder and aggravated unlawful use of a weapon. Moreover, the firearm that was found in defendant's waistband had an extended 33-round magazine. Defendant possessed that weapon in a public place, and he was on parole at the time of his arrest. The trial court specifically enunciated that the decision to detain was based on 'the facts of this case.' " *Id*.

6

¶ 19    We also rejected defendant's argument that the court erred in finding him dangerous because he was " 'not accused of using or brandishing the weapon.' " *Id.* ¶ 35. We noted that defendant had a "significant criminal background," and that he was accused of committing the offense of armed habitual criminal, which is "specifically aimed at the dangers associated with repeat felons possessing firearms." *Id.* Finally, we explained that defendant was carrying the loaded gun with an extended clip in his waistband, and that he was on parole at the time that he was found in possession of the firearm. *Id.* ¶¶ 35-36. "Defendant's history of failing to abide by prior conditions of release placed upon him, by possessing a weapon while prohibited from doing so, further suggests that continued detention is necessary to avoid the safety risk posed by defendant." *Id.* ¶ 36. Finally, we noted that the record showed that defendant punched a hospital security guard in the face and tried to bite him, which provided "further support to the conclusion that defendant poses a safety threat to the community." *Id.* ¶ 37. This court's order in *Hongo I* was issued on March 19, 2024.

¶ 20    After this court issued *Hongo I*, the supreme court amended Rule 604, and eliminated the requirement that a notice of appeal be filed within 14 days of the challenged order. See Ill. Sup. Ct. R. 604(h) (eff. Apr. 15, 2024). Instead, a defendant may file a notice of appeal from a detention order at any time prior to their conviction, so long as the defendant first files and obtains a ruling on a motion for relief in the trial court. See Ill. Sup. Ct. R. 604(h)(2) ("As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief.");  Ill. Sup. Ct. R. 604(h)(3) (eff. Apr. 15, 2024) ("After disposition of its motion for relief in the trial court, a party may initiate an appeal by filing a notice of appeal in the circuit court at any time prior to conviction.").

¶ 21    Following the above rule change, defendant filed a "Motion for Relief" on December 16, 2025, arguing that the circuit court erred at the original detention hearing on October 17, 2023. Defendant stated generally that the State "failed to meet its burden" to show that the proof is evident or the presumption great that defendant committed the offenses charged; that defendant poses a real and present safety threat; and that no condition or combination of conditions can mitigate that threat. Defendant set out no facts or evidence, nor did he provide any argument or analysis regarding any of the above elements, in his written motion.

¶ 22    The trial court held a hearing on the motion for relief that same day. Defense counsel stood on the motion, but informed the court that defendant wished to testify against the advice of counsel. Defendant testified that his armed habitual criminal charge was based on two cases that occurred when he was under the age of 21, one of which he believed was "unconstitutional." Defendant also asserted that he was "locked up on an investigative alert" which was unconstitutional at the time. Defendant further stated that he was not a danger, and at the time of the offense, he was "out there minding [his] business." Defendant stated that he had been "locked up for three years for a gun," that he was "ready to go home," and that he is a "changed man." Defendant requested that the court "put [him] on house arrest, [and] let [him] go home until the trial date."

¶ 23    The State responded that it was a "lawful arrest," and defendant

> "had the weapon in his waistband. The defendant was *** on parole for attempt[ed] murder and an agg[ravated] unlawful use of a weapon at the time that he possessed the firearm. So he clearly has committed violent offenses in the past and he continues to arm himself with firearms that [are] dangerous not only to individuals but the community at large. There's no condition or combinations of conditions that

would negate the risk that defendant poses to the community. We ask that you keep

him detained."

¶ 24    Following the arguments, the trial court ruled, "I do find that detention is necessary." The court stated, however, that it would be setting a trial date, and that it would continue to review defendant's detention on upcoming dates.

¶ 25    On January 3, 2026, defendant filed a notice of appeal. In this court, defendant contends that the trial court erred in its initial order of detention on October 17, 2023, and by allegedly applying the wrong standard to review that order at the December 16, 2025, motion for relief hearing.

¶ 26    Before turning to the merits of defendant's appeal, we note that this case arises in an unusual context. In *Hongo I*, this court previously found that we lacked jurisdiction to consider a challenge to defendant's initial detention order because defendant did not file a timely notice of appeal from that order under the applicable rules, and we affirmed the subsequent order for defendant's continued detention. However, due to changes in the rules following this court's decision in *Hongo I*, a defendant may now file a notice of appeal from a detention order at any time prior to their conviction, so long as the defendant first files and obtains a ruling on a motion for relief in the trial court. See Ill. Sup. Ct. R. 604(h)(2); (3) (eff. Apr. 15, 2024). In this case, defense counsel filed such motion for relief on December 16, 2025, seeking review of the trial court's initial detention order from October 17, 2023, and the trial court denied that motion that same day. In these unique circumstances, this court has jurisdiction to consider the trial court's initial detention order, even though our jurisdiction was previously lacking.

¶ 27    Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (Act) amended the Code by

9

"abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release." *Hongo I*, 2024 IL App (1st) 232482, ¶ 20. "Section 110-6.1(e) of the Code presumes that all defendants are eligible for pretrial release and places the burden of justifying pretrial detention by clear and convincing evidence on the State." *People v. Stock*, 2023 IL App (1st) 231753, ¶ 11; 725 ILCS 5/110-6.1(e) (West 2024).

¶ 28     For the State to obtain an initial detention order, the Act requires three showings by "clear and convincing" evidence:

> "(1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and (3) that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022))." *Hongo I*, 2024 IL App (1st) 232482, ¶ 20.

¶ 29     The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. 725 ILCS 5/110-6.1(f)(2) (West 2024). Our standard of review of pretrial release determinations is dependent on whether the trial court heard live witness testimony or whether the parties proceeded solely by proffer or submission of documentary evidence. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v.*

*Morgan*, 2025 IL 130626, ¶ 54. In this case, the parties proceeded by proffer at the October 17, 2023, initial detention hearing, and accordingly, we will review defendant's initial detention order *de novo*. *Id.*

¶ 30 After an initial pretrial detention hearing, the Act "also imposes a continuing obligation for the court to assess whether continued detention is necessary at subsequent appearances." *Id.*, ¶ 21. Specifically, at each subsequent appearance, the court must find that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2024). This court has explained that the findings required at a continuing detention hearing are not identical to those required at an initial detention hearing, although they do "share[ ] commonalities." *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 14.

¶ 31 As stated above, to appeal a decision relating to pretrial release, a defendant must first file a motion for relief in the circuit court. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The motion must "request *** the same relief to be sought on appeal and the grounds for such relief," and "[u]pon appeal, any issue not raised in the motion for relief *** shall be deemed waived." *Id.* "The motion for relief will serve as the argument of the appellant on appeal," unless he elects to file an optional memorandum identifying which issues from his motion for relief he wishes to advance on appeal. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Any issue properly raised in the motion for relief is before the appellate court regardless of whether the defendant files the optional memorandum. *Id.*

¶ 32 In this court, defendant did file an optional memorandum on June 4, 2026. Defendant alleges that in his motion for relief, he raised three "arguments and contentions of error" related to his October 17, 2023, initial detention hearing—specifically, that the State "failed to meet its

burden" that the proof is evident or the presumption great that defendant committed the offense charged; that defendant poses a real and present safety threat; and that no condition or combination of conditions can mitigate that threat. Defense counsel contends that "[a]ll the above arguments from the motion for relief are being advanced on appeal," although counsel expounds only on the argument regarding conditions in that memorandum, standing on the motion for relief as to the first two elements without providing any further elaboration as to how the State's proofs were insufficient.

¶ 33    Rule 604(h) expressly requires that, "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." Ill. S. Ct. Rule 604(h)(7) (eff. Apr. 15, 2024).

¶ 34    Although defendant purports to "advance[ ]" for appeal the trial court's findings as to whether the proof is evident or the presumption great that defendant committed the offense charged, and whether defendant poses a safety threat, he has presented this court with no argument or analysis as to those requirements in either his motion for relief or memorandum. It is "well-established *** that mere contentions, without argument or citation of authority, do not merit consideration on appeal." *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991). An appellant must present sufficient grounds on which this court can review any claims of error, and conclusory claims of error do not satisfy the requirements of Rule 604(h)(2). *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 37 (finding the defendant's Rule 604(h) notice of appeal to be inadequate where he checked the boxes making conclusory claims of error, and did not provide any further explanation as to those contentions); *People v. Duckworth*, 2024 IL App (5th) 230911, ¶¶ 7-8

(dismissing the defendant's appeal when the defendant "couched his claims in *** conclusory language," "referred to no evidence in the record upon which to evaluate his claims[,]" and failed to "provide any legal argument or authority in support of his claims.").

¶ 35   Because defendant's motion for relief made only the conclusory statements that the State failed to meet its burden on the first two elements, without providing any legal argument or relevant authority, we find that he has not satisfied the requirements of Rule 604(h)(2) to allow for meaningful appellate review of those elements. See *id.* (dismissing the appeal when "counsel on appeal, declined [the] opportunity to provide the missing argument, citation of the record, or authority that would support any argument that could have been made for the issues raised on appeal."). Accordingly, only defendant's argument as to the third element is properly before this court, as he supplemented the motion for relief on this element with legal argument in the optional memorandum.

¶ 36   We thus turn to defendant's claim that the State failed to meet its burden of proving that no condition or combination of conditions of release could mitigate the safety risk posed by defendant. Defendant raises two arguments as to this element.

¶ 37   First, defendant submits that the court previously found that release with conditions was appropriate, because he was initially detained under an order of monetary bond which he was unable to pay. Defendant provides no authority to support his suggestion that an order setting a monetary bond under the previous system ties the trial court's hands and requires a finding that defendant must be released with conditions after the Act became effective. To the contrary, our supreme court has explicitly held that when a defendant with a monetary bail order under the prior system requests a release hearing, the State may timely file a responsive petition to seek the defendant's continued pretrial detention. *People v. Watkins-Romaine*, 2025 IL 130618, ¶ 42. If, as

13

defendant contends, a prior monetary bail order must be read as an explicit determination that the State cannot show one of the elements required to detain a defendant, the supreme court's decision to allow the State to file a petition in these circumstances would be nonsensical.

¶ 38    Instead, defendants who were arrested before the Act took effect "have two options" when seeking review of their pretrial conditions: they may (1) elect to stay in detention until such time as the previously set monetary security may be paid or (2) file a motion to modify the previously set conditions. *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14; *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 26. And once " 'a defendant elects to have their pretrial conditions reviewed anew under the Pretrial Fairness Act, *the matter returns to the proverbial square one*, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' " (Emphasis added). *Gray*, 2023 IL App (3d) 230435, ¶ 14, quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. Accordingly, we reject defendant's suggestion that a previous order of monetary bail requires a finding that pretrial release with conditions is appropriate.

¶ 39    Defendant next contends that the State's proffer was insufficient to show that no condition or combination of conditions could mitigate the safety threat posed by defendant, because the State purportedly "relied only upon the allegations to argue for [defendant]'s continued detention." Citing *People v. Stock*, 2023 IL App (1st) 231753, defendant argues that the State does not meet its burden when it alleges the elements of the offense but includes "no argument regarding conditions outside of a conclusory statement that no condition or combination of conditions would mitigate the danger."

¶ 40    We find *Stock* distinguishable. In *Stock*, a 45-year-old defendant with no prior criminal history was charged with aggravated battery after he discharged a gun once inside his bedroom.

*Id.* ¶¶ 5-6.  The bullet went through the wall and grazed his estranged wife who was in a different room. *Id.* ¶ 5. According to the defense proffer, the defendant believed the victim had left the home when he fired the weapon and the victim drove herself to the hospital for treatment after first going to a bar with friends. *Id.* ¶ 6. The State relied on its proffer as to the basic elements of the offense to support its argument that the defendant should be detained. *Id.* ¶¶ 5, 17. The circuit court ordered the defendant detained without any oral or written explanation as to its finding that there were no conditions which would mitigate the threat posed by the defendant. *Id.* ¶ 8. The. *Id.* ¶ 6.

¶ 41    On appeal, this court found that the State failed to prove there were no conditions or combination of conditions that could mitigate the danger posed by the defendant where the State offered no evidence to support that conclusion and failed to discuss any conditions. *Id.* ¶ 19. In so holding, the *Stock* court explicitly noted that the State's proffer was insufficient, "particularly in a case like this one where defendant has no other criminal history beyond the instant case" and "defendant has otherwise been an upstanding and law-abiding member of the community." *Id.*

¶ 42    The facts at issue in *Stock* are very different from those in this case, particularly considering defendant's significant criminal background. Defendant is charged with the offense of armed habitual criminal. As this court previously explained in *Hongo I*, that offense is based on a proffer that defendant carried a loaded gun with an extended clip in his waistband, despite being a felon and on parole, both of which prohibited defendant from possessing a firearm. *Hongo I*, 2024 IL App (1st) 232482, ¶¶ 35-36. Defendant's "history of failing to abide by prior conditions of release placed upon him," suggests that he would not comply with conditions of release if the trial court imposed them here. *Id.* ¶ 36. Moreover, the proffered facts also indicate that, even after his arrest and detention, defendant continued to be a safety threat, as he punched a hospital security guard in the face and tried to bite him. Based on our *de novo* review, we conclude that the State met its

burden to show that no condition or combination of conditions could mitigate the safety threat posed by defendant, and the trial court properly ordered him detained pretrial.

¶ 43    In the alternative, defendant contends that the court erred at the hearing on defendant's motion for relief by allegedly "appl[ying] the wrong standard" at that hearing. Defendant asserts that the trial court conducted a continued detention hearing, rather than addressing defendant's argument in his motion for relief, regarding whether his initial detention was appropriate. Defendant asks this court to "remand for a new motion for relief hearing, where the circuit court addresses the actual claims in the motion for relief."

¶ 44    First, we disagree with the premise underlying defendant's argument. The record shows that defendant's written motion for relief argued that the circuit court erred at the original detention hearing on October 17, 2023, and set forth his contentions, albeit in conclusory fashion, that the State failed to meet its burden of showing the three elements required at an initial detention hearing. At the hearing on that motion, the court explicitly stated that it had reviewed defendant's motion for relief. Defense counsel then stood on the motion, and defendant provided some testimony against the advice of counsel in which he generally disputed the constitutionality of an underlying conviction and his arrest, and argued that he was not dangerous. Following that testimony, the trial court denied defendant's motion, and found that "detention is necessary."

¶ 45    A "trial court is presumed to know the law and to follow it unless the record affirmatively indicates the contrary." *Miller*, 2021 IL App (2d) 190093, ¶ 22. The record here does not affirmatively show that the trial court applied the wrong standard in denying defendant's motion. Although the court did not explicitly explain its reasoning or refer to the required findings for either an initial or continuing detention order, the court was aware of the content of defendant's motion, and we cannot presume that the trial court's conclusion that "detention is necessary"

means that it misapplied the law and used a "continuing detention" standard. See *People v. Weston*, 271 Ill. App. 3d 604, 615-16 (1995).

¶ 46    Moreover, as explained above, this court reviews defendant's challenge to the initial detention decision *de novo*, which places the reviewing court "in the same position as the circuit court." *Morgan*, 2025 IL 130626, ¶ 51. Even if we could conclude that the trial court applied the wrong standard at the motion for relief hearing, this court has reviewed the trial court's order of initial detention *de novo*, and has determined that defendant was properly detained. In these circumstances, it would not be appropriate for this court to remand this matter for the trial court to review a question that this court has already resolved.

¶ 47    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 48    Affirmed.